IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BARTCH | * | |
|    Plaintiffs, | * | |
| v. | * | Civil Case No. 19-cv-02842-RDB |
| BARCH, *et al*, | * | |
|    Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## REPORT AND RECOMMENDATION

This report and recommendation addresses David Joshua Bartch's ("Plaintiff") Motion to Compel nonparty Culta to comply with a previously-issued subpoena. (ECF No. 1). The Court has reviewed Culta's Opposition (ECF No. 3), as well as Plaintiff's Reply. (ECF No. 5). On January 6, 2020, in accordance with 28 U.S.C. § 636, and Local Rules 301 and 302, Judge Bennett referred this case to me for a report and recommendation concerning the Motion to Compel. (ECF No. 8). For the reasons set forth below, I respectfully recommend that this Court, **GRANT in part** and **DENY in part** Plaintiff's Motion to Compel.

I.    BACKGROUND

The pending motion is an offshoot of a suit filed by Plaintiff against Defendants Mackie A. Barch and Trellis Holdings Maryland (collectively "Defendants") in the United States District Court for the District of Colorado. (ECF No. 1-1). These parties are in the medical marijuana business, and contest ownership rights in Culta, a medical marijuana business in Maryland, which

1

is not a party to the underlying action. (ECF No. 3-1 at 1).[1] Of note, Defendant Barch is also a "manager"[2] at Culta.

Plaintiff contends that he and Defendant Barch agreed to partner "50/50 and share their equity interests" in Culta, in addition to businesses in other states that had "legalized medical marijuana." *Id.* As outlined within the Complaint, Culta and its predecessor incurred numerous changes in the number of investors, classes of shares, and value of those shares since originally formed in June of 2015. (ECF No. 1-1 at 4–12). These changes loosely tracked Maryland's foray into medical marijuana, an odyssey that continues today.

In 2017, the disputed equity (Plaintiff's share of Defendants' equity in Culta) was transferred to Defendant Trellis Holdings Maryland ("Trellis"). (ECF No. 2-1 at 2). Later in that same year, Plaintiff requested this interest be transferred to him, however, this did not occur. (ECF No. 1-1 at 3). Accordingly, Plaintiff contends that Defendants improperly retained Plaintiff's share. (ECF No. 2-1 at 2). Plaintiff seeks a declaratory judgment and recovery based on "Defendants' theft of [Plaintiff's] 50% ownership rights" of Trellis' shares in Culta. (ECF No. 1-1 at 2).

In an effort to substantiate these claims, Plaintiff served Culta with a document subpoena from the District of Colorado. *Id.* Through their own efforts, the parties have narrowed the areas of dispute, however, three points of contention remain. All three areas relate to Plaintiff's claim for damages in the Colorado action, specifically the monetary value of the disputed shares (as an alternative to their return). This, in turn, requires Plaintiff to ascertain the percentage of ownership

---

[1] Culta was formerly known as Doctor's Order Maryland, LLC or "DOMD." (ECF No. 2-1 at 2).

[2] The parties do not define Defendant Barch's scope of duties as a "manager" at Culta. *See* (ECF No. 2-1 at 7).

of Culta that the disputed shares represent, and the overall value of Culta (so as to quantify the dollar value of that percentage). To use a hypothetical example, if Trellis owns 40% of Culta, and Culta is valued at $1,000,000, Trellis' interest is worth $400,000. In turn, this would potentially entitle Plaintiff to $200,000 (by way of return of shares or money damages), should he prove his claims.

II. RULE OF LAW

Federal Rule of Civil Procedure 45 governs subpoenas issued to third parties.[3] Document discovery, whether through Rule 45 or Rule 34, remains subject to the general discovery provisions of Rule 26. Rule 26(b) provides that a district court may limit discovery if it concludes: "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." *Nicholas v. Wyndham Int'l, Inc.*, 373 F.3d 537, 543 (4th Cir. 2004). A trial court should consider "the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena" when considering the propriety of enforcing a subpoena. *Heat & Control, Inc. v. Hester Indus.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986). Echoing this, Rule 45(d)(3) empowers a court to modify a subpoena to the extent is seeks sensitive or privileged information or subjects the recipient to undue burden. In the context of subpoenas issued to third parties (as is the case here), a court "will give extra consideration to the objections of a non-party, non-fact witness in weighing

---

[3] *See* Fed. R. Civ. P. 34(c) ("A person not a party to the action may be compelled to produce documents . . . as provided in Rule 45.").

burdensomeness versus relevance." *Indem. Ins. Co. v. Am. Eurocopter LLC*, 227 F.R.D. 421, 426 (M.D.N.C. 2005).

III. DISCUSSION

With respect to the pending Motion to Compel, Plaintiff seeks information from Culta to evaluate the extent of Defendant Trellis' ownership interest in Culta (of which Plaintiff seeks 50%), and information to permit Plaintiff to quantify the dollar value of that interest. As set forth in Request 14 of the subpoena at issue, Plaintiff first seeks "All documents referring to any valuation of Culta and or/its member interests." (ECF No. 2-2 at 4). Second, as set forth in Request 15, Plaintiff seeks "Culta's financial statements (including but not limited to income statements, balance sheets, and cash flow statements) and financial forecasts from the times of its formation to the present." *Id.* Finally, Plaintiff seeks a copy of Culta's First Amendment to its Third Amended and Restated Operating Agreement with less redactions. (ECF No. 5 at 4).

Culta opposes these requests and argues: (1) Plaintiff has failed to demonstrate either the relevance or the necessity of the documents sought; (2) Plaintiff improperly seeks to impose a very substantial and unreasonable burden on Culta; and (3) the information sought is highly sensitive and confidential. (ECF No. 3-1). Accordingly, Culta requests that this Court "deny the Motion to Compel, dismiss this action with prejudice, and award Culta all costs allowable under Rule 45(d)(1)." (ECF No. 3 at 1). These objections are addressed in turn.

*1. Relevance*

Plaintiff has established the relevance of the categories of information sought. As explained in detail above, the information sought relates to Culta's valuation and, in turn, the worth of the Culta shares that Plaintiff contends were wrongfully appropriated from him. Culta's argument that disclosure of such information in advance of judgment is premature misses the mark.

(ECF No. 3-1 at 6–7). To the contrary, Plaintiff seeks the information in order to *prove* a damage alternative in this case, in the event the District of Colorado Court denies his equitable claim for return of shares (in favor of instead awarding him the monetary value of those shares).

Nonetheless, to clarify "relevance" and focus Culta's responsive efforts, I recommend a modest narrowing of these requests. First, I recommend imposing a date restriction on the required production to July 1, 2017 to the present. Such a restriction is warranted because it appears from the Complaint that sometime after June of 2017, Plaintiff no longer had access to Culta company information that would allow him to determine Trellis' percentage of ownership or the value of that percentage. (ECF No. 1-1 at 11–12). Prior to that time, Plaintiff presumably had ready access to Culta company information. Moreover, early iterations of the company have only tangential relevance to Culta's value and Trellis' interest today (given the extent of the changes that have taken place). Accordingly, I recommend imposing a date restriction on the required production from July 1, 2017 to the present.

Second, I am troubled by the phrase "all documents referring to any valuation" as expressed in Request 14. Therefore, I recommend that Request 14 be limited to formal valuations of Culta. By way of example only, these formal evaluations could be limited to that which would accompany: an investor prospectus, a loan application, or a regulatory filing. This would exclude informal valuations, such as email speculation as to what the company might be worth or could be worth in the future.

Similarly, as to Request 15, I recommend this production be limited to formal financial statements, such as: those prepared by an accountant; those used in regulatory approval; those used to secure financing; or those presented for the benefit of investors or potential investors. The phrase "financial forecasts" is nonspecific and potentially ensnares any prediction of future

5

performance, no matter how informal. Thus, Culta need not produce "financial forecasts" unless they are formally incorporated into the materials noted above.

As to the redactions Culta made to the First Amendment to the Third Restated Operating Agreement, Culta may continue to redact the names of investors other than Trellis or Defendant Barch individually. Otherwise, the redactions (including the company's valuation) should be removed.

   2. *Burden*

Culta next argues that producing the documents sought would "require a substantial, and unreasonable, amount of time, effort, and expense." (ECF No. 3-1 at 7). Culta provides no specific information in support of this contention, but merely includes conclusory statements regarding burden. The lack of any particularized information is problematic, as objections to discovery must be specific, non-boilerplate, and supported by particularized facts where necessary to demonstrate the basis for the objection. *Hall v. Sullivan,* 231 F.R.D. 468, 470 (D. Md. 2005); *Thompson v. Dep't of Hous. & Urban Dev.,* 199 F.R.D. 168, 173 (D. Md. 2001); *Marens v. Carrabba's Italian Grill, Inc.,* 196 F.R.D. 35, 38–39 (D. Md. 2000).[4] Conclusory and generalized statements, such as those here, fail to satisfy this burden as a matter of law. *Evans v. Capps*, 2017 WL 4171970, at *3 (E.D. N.C. Sept. 20, 2017).

   3. *Company Sensitive Information*

Finally, Culta argues that the information sought is highly confidential and proprietary, and thus production "would jeopardize the financial health of the company." (ECF 3-1 at 8–11). In the context of commercial litigation, sensitive company information comes into play with some

---

[4] *See, e.g*., Rule 33(b)(4) (requiring that when objecting to interrogatories, the grounds must be stated with specificity or risks waiver).

frequency. For example, in intellectual property litigation, the production of such information is commonplace — even where the proprietary nature of the information sought is the chief or even sole asset of the party. In the instant matter, Plaintiff does not seek information regarding Culta's products, but rather its financial valuation — information that Culta undoubtedly shared with others (including potential investors). Moreover, Plaintiff is not a stranger to the company; he was active in both its formation and efforts to seek capital for its operations. Indeed, one of Culta's other arguments is that Plaintiff already has the requested information such that any production from Culta would be duplicative. *Id.* at 3.[5] Accordingly, there is no indication that production of this information would in fact jeopardize the health of the company.

Any concerns of confidentiality can be adequately addressed through the comprehensive protective order previously entered by the District of Colorado. This now includes a designation of "Highly Confidential—Attorneys' Eyes Only" that even prohibits Plaintiff himself from obtaining the information. (ECF No. 5 at 5). While it is true that the decision to keep sealed otherwise confidential and sensitive information included in court filings filed under seal is, ultimately, one for the Court, that speculative risk is insufficient to justify nonproduction.[6] If, however, Culta believes that additional provisions are necessary, such should be discussed with Plaintiff with an eye towards reaching agreement on any amendment to the existing order. In the event Counsel fail in that effort, if necessary, they can bring any such proposed provisions to the Court for further consideration.

---

[5] Culta has nonetheless instructed Defendants that they may not produce the information sought to the extent it is in their possession. (ECF No. 1-3 at 3).

[6] *See Marks v. Licul*, 2013 WL 6024026, at *5 (D. Md. Nov. 7, 2013) (explaining the decision whether to grant or restrict access to judicial records or documents is a matter of the district court's supervisory power, and is best left to the sound discretion of the district court).

IV.  CONCLUSION

I respectfully recommend that:

1. Plaintiff's Motion to Compliance with Rule 45 Subpoena Directed to Nonparty Culta (ECF No. 1) be GRANTED in part and DENIED in part;

2. The disputed interrogatories are modified as outlined above, specifically:

    a. Request 14: All documents referring to any formal valuations of Culta and or/its member interests between July 1, 2017 to the present.

    b. Request 15: Culta's formal financial statements (such as those prepared by an accountant, used in regulatory approval, used to secure financing, or those presented for the benefit of investors or potential investors) from July 1, 2017 to the time of its formation to the present;

    c. Culta may continue to redact the names of investors (other than Trellis or Defendant Barch, individually) within the First Amendment to Third Restated Operating Agreement.  All other redactions should be removed.

Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

January 14, 2020

/s/
J. Mark Coulson
United States Magistrate Judge